UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------x

AMMARA ASIF,

          Plaintiff

               -against-

CREDIT CENTER, LLC and GREATER
HARTFORD WOMEN'S HEALTH
ASSOCIATES,

          Defendants

-------------------------------------------------------------x

**COMPLAINT**

## PRELIMINARY STATEMENT

1. The Plaintiff Ammara Asif (hereinafter "Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the Defendant Credit Center, LLC ("CC"). These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Plaintiff further alleges a claim for negligence against the Defendant Greater Hartford Women's Health Associates ("GHWHA") pursuant to the law of the State of Connecticut.

2. Based upon the violations of the FDCPA committed by the Defendant, as set forth and alleged herein, the Plaintiff is entitled to statutory damages, actual damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k. Based upon the negligence of the Defendant GHWHA as alleged herein the Plaintiff is entitled to actual damages.

## PARTIES

3.   The Plaintiff is a natural person.

4.   At all times relevant to this Complaint, the Plaintiff resided in Enfield, Connecticut.

5.   The Defendant CCL is a Domestic Limited Liability Company existing under the laws of the State of Connecticut and maintains a principal place of business located at 7 Finance Drive, Danbury, Connecticut.

6.   The Defendant CCL is registered with the Connecticut Secretary of State.

7.   The Defendant CCL collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and internet.

8.   The Defendant CCL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.   The Defendant GHWHA provides health care services to women.

10. The Defendant GHWHA maintains multiple practices offices located within the State of Connecticut, including an office located at 100 Hazard Avenue, Suite 207, Enfield Connecticut.

## JURISDICTION & VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in

the State of Connecticut at the time this action was commenced. Plaintiff also invokes the

supplemental jurisdiction of this court for her Connecticut state law claim pursuant

to 28 U.S.C. § 1367.

## FACTS CONCERNING THE PLAINTIFF

13. The Plaintiff repeats and reiterates each preceding paragraph as if same is stated at length

    herein.

14. For many years the Plaintiff has obtained medical services on multiple occasions from the

    Defendant GHWHA at its various Connecticut offices.

15. All of the costs associated with the health care services provided GHWHA to the Plaintiff

    were paid for by the Plaintiff's husband's health care insurance.

16. The Plaintiff's husband changed his health insurance provider.

17. After the Plaintiff's husband changed his health insurance provider, the Plaintiff needed

    addition medical services from the Defendant GHWHA.

18. Prior to obtaining the additional medical services referenced in paragraph 17, the

    Plaintiff's husband questioned a GHWHA female employee as to whether or not his new

    health insurance provider was in the GHWHA network of health insurance providers. In

    response thereto, the GHWHA female employee advised the Plaintiff's husband that the

    new health insurance carrier was, in fact, included the GHWHA network of health

    insurance providers.

19. After the medical services were provided by the Defendant GHWHA to the Plaintiff, the Plaintiff and her husband learned that his new health insurance provider would not pay for the medical services provided by the Defendant GHWHA.

20. The Defendant GHWHA billed the Plaintiff in the amount of $4,650 for the medical services rendered.

21. When Plaintiff refused to pay the Defendant GHWHA, the Defendant GHWHA referred the claim to the Defendant CC.

22. The alleged debt is a "debt" as that term is defined in the FDCPA.

23. The Plaintiff is a "consumer" as that term is defined in the FDCPA.

24. In the attempt to collect the alleged debt, the Defendant CC sent a collection letter dated March 10, 2020 to the Plaintiff. The letter sets forth the amount of $5,580 as due and owing. A copy of said letter is attached herewith as Exhibit "1".

25. After receiving the collection letter, the Plaintiff's husband placed a telephone call to the Defendant CC and was advised by a debt collector employed therein that the difference in the amount allegedly owed is based upon an alleged collection fee.

26. The Plaintiff's husband was further advised to send any dispute of the debt via email.

27. Upon information and belief, the collection fee was not earned as of the date of the letter thus the attempt to collect the fee is false, deceptive and misleading.

28. The advisement to forward any dispute via email contradicted the Plaintiff's right to orally dispute the debt.

29. As a result of the wrongful actions committed by the Defendant CC the Plaintiff suffered actual damages including anxiety, stress and worry.

# FIRST CAUSE OF ACTION

## AS AGAINST THE DEFENDANT CREDIT CENTER, LLC

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. The Plaintiff repeats and reiterates each preceding paragraph as if same is stated at length herein.

31. The Defendant CC violated 15 U.S.C. § 1692e by engaging in false, deceptive and misleading debt collection tactics.

32. The Defendant CC violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and amount of an alleged debt.

33. The Defendant CC violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in the attempt to collect an alleged debt.

34. The Defendant CC violated 15 U.S.C. § 1692g by advising the Plaintiff's husband that any dispute of the alleged debt must be sent in writing in contrast to the Plaintiff's right to dispute the debt orally.

# SECOND CAUSE OF ACTION

## AS AGAINST THE DEFENDANT GREATER

## HARTFORD  WOMEN'S HEALTH ASSOCIATES

## NEGLIGENCE

35. The Plaintiff repeats and reiterates each preceding paragraph as if same is stated at length herein.

36. The Defendant GHWHA had a duty to properly advise the Plaintiff whether or not her husband's new medical insurance was included in the Defendant GHWHA's network of health care insurers.

37. The Defendant GHWHA breached their duty when their employee incorrectly advised the Plaintiff's husband that his new health care insurance was part of the Defendant GHWHA's network of heath care insurers.

38. But for the breach of the duty set forth in paragraph 34 heretofore, the Plaintiff would not have incurred an alleged medical debt to the Defendant GHWHA in her personal capacity.

39. It was foreseeable at the time of the false advisement of in-net work inclusion that the failure to properly advise the Plaintiff's husband would result in damage to the Plaintiff.

40. As a result of the Defendant GHWHA's breach of duty, the Plaintiff has suffered actual damages, including anxiety, stress, worry and damage to her credit rating.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff as set forth below:

AS AGAINST THE DEFENDANT CREDIT CENTER, LLC

(i)    The maximum statutory damages as are allowed pursuant to 15 U.S.C. § 1692k(a)

(2)(A);

(ii)     Actual damages in an amount to be determined at the time of trial pursuant to 15

U.S.C. § 1692k(a)(1).

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)

(B)(3).

(iv)    For such other and further relief as may be just and proper.

AS AGAINST THE DEFENDANT GREATER HARTFORD WOMEN'S

HEALTH ASSOCIATES

(i)Actual damages in an amount to be determined at the time of trial.

(ii)For such other and further relief as may be just and proper.


**<u>JURY DEMAND</u>**


Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
        April 6, 2020

ROBERT L. ARLEO, ESQ. P.C.

By: */ s /  Robert L. Arleo*
    ROBERT L. ARLEO
    380 Lexington Avenue-17th Floor
    New York, New York 10168
    PHONE (212) 551-1115
    FAX: (518) 751-1801
    Email: robertarleo@gmail.com
    Attorney for the Plaintiff
    Admitted to practice in the United
    States District Court, District of
    Connecticut